**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

RONDAL HOWARD MACKS,  :
AIS 220315,
:
    Petitioner,
:
vs.                                CA 06-0871-KD-C
:
GWENDOLYN MOSLEY,
:
    Respondent.

**REPORT AND RECOMMENDATION**

Rondal Howard Macks, a state prisoner presently in the custody of the respondent, has petitioned this Court for federal habeas corpus relief pursuant to 28 U.S.C. § 2254. This matter has been referred to the undersigned for the entry of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1(c). It is recommended that the instant petition be dismissed as time barred under the Anti-Terrorism and Effective Death Penalty Act's one-year limitation provision contained in 28 U.S.C. § 2244(d).

**FINDINGS OF FACT**

    1.    Macks was convicted in the Circuit Court of Escambia County, Alabama on September 19, 2001 of attempted murder, first-degree burglary, and second-degree assault. (Doc. 14, at 1) On November 29, 2001, petitioner

was sentenced to concurrent terms of life imprisonment on the attempted murder and first-degree burglary convictions and ten years on the second-degree assault conviction. (*Compare* Doc. 1, at 2 *with* Doc. 14, Exhibit I) Macks' notice of appeal was dismissed by the Alabama Court of Criminal Appeals as untimely filed on April 18, 2002. (Doc. 14, Exhibit A, PETITION FOR RELIEF FROM CONVICTION OR SENTENCE, at 2)

      2.      On May 7, 2004, Macks filed a Rule 32 petition in the Circuit Court of Mobile County, Alabama, collaterally attacking his convictions and sentences. (Doc. 14, Exhibit A) The Rule 32 petition was denied on July 8, 2004; petitioner did not appeal the denial of this collateral petition. (*See id.*, Case Action Summary Sheet)

      3.      Macks filed his second Rule 32 petition in the Circuit Court of Escambia County, Alabama on September 23, 2004. (*Id.*) The trial court granted the state's motion to dismiss on February 3, 2005 (*id.*) and, on June 17, 2005, the Alabama Court of Criminal Appeals affirmed the denial of the petition (Doc. 14, Exhibit D).

> Macks filed this, his second, Rule 32 petition on September 8, 2004. In his petition, Macks alleged: 1) that he had received ineffective assistance of trial counsel; 2) that he had received ineffective assistance of appellate counsel; and 3) that he was entitled to an out-of-time appeal. After receiving a response from the State, the circuit court summarily denied the

> petition on February 2, 2005.
>
> Macks makes the same claims on appeal that he made in the circuit court. None of those claims implicate the jurisdiction of the trial court; therefore, each of those claims is barred by the limitations period in Rule 32.2(c). In addition, Macks argues on appeal that the circuit court lacked jurisdiction to rule on his petition because, he says, his signature on his petition was not notarized, as required by Rule 32. However, lack of notarization of a Rule 32 petition does not affect subject-matter jurisdiction. See Smith v. State, [No. CR-03-2146, February 25, 2005] ___ So.2d ___ (Ala.Crim.App. 2005).
>
> Based on the foregoing, the judgment of the circuit court is affirmed.

(*Id.*)

    4.    Macks filed his third Rule 32 petition on November 29, 2005. (Doc. 14, Exhibit F, Case Action Summary Sheet) The Circuit Court of Escambia County, Alabama granted the state's motion to dismiss this petition on January 17, 2006 (*id.*) and, on June 23, 2006, the Alabama Court of Criminal Appeals affirmed the denial of relief (Doc. 14, Exhibit I).

> The appellant, Rondal Howard Macks, appeals from the circuit court's dismissal of his petition for postconviction relief, filed pursuant to Rule 32, Ala.R.Crim.P., in which he attacked his September 2001 convictions for attempted murder, burglary in the first degree, and assault in the second degree. Macks was sentenced to life imprisonment for both the attempted murder and burglary in the first degree convictions and 10 years' imprisonment for the assault in the second degree conviction. On April 18, 2002, this Court dismissed Macks's direct appeal as untimely filed.

On September 8, 2004, Macks filed his first Rule 32 petition which was dismissed by the trial court on February 3, 2005. On appeal, this Court affirmed the trial court's dismissal of Macks's first Rule 32 petition, by unpublished memorandum. Macks v. State (No. CR-04-1023), __ So.2d __ (Ala.Crim.App. 2005) (table). A certificate of judgment was issued on September 9, 2005.

On November 7, 2005, Macks filed the instant Rule 32 petition wherein he alleged that his convictions are unconstitutional based upon the following claims: (1) he received ineffective assistance of trial counsel[]; (2) the grand jury was illegal and unconstitutional because, he said, whites are predominately picked as grand jury forepersons; (3) the jury venire was not sworn before voir dire; (4) his indictment was fatally flawed because, he says, it did not state that he "knowingly committed the act for which he is criminally indicted," nor did the indictment state that he committed burglary; and (5) that the trial court erred when it did not recuse itself because of a conflict of interest. On September 28, 2005, the State filed a motion to dismiss wherein it argued that Macks's petition was precluded from appellate review. On January 17, 2006, the trial court issued an order dismissing Macks's petition. This appeal followed.

On appeal, Macks reasserts the claims raised in his petition to the trial court.

Macks's claims of ineffective assistance of counsel are precluded from appellate review by Rule 32.2(b), Ala.R.Crim.P.[,] as they were raised and addressed in a previous Rule 32 petition, Macks v. State (No. CR-04-1023), __ So.2d __ (Ala.Crim.App. 2005) (table); Fortner v. State, 825 So.2d 876, 877 (Ala.Crim.App. 2001), and by Rule 32.2(c), because the petition was filed outside the period of limitations.

Claims (2), (3), and (5), although couched in jurisdictional terms, are not jurisdictional claims and, thus, are

4

barred by Rule 32.2(a)(3) and (5) . . . [,] Ala.R.Crim.P., because they could have been, but were not, raised and addressed on appeal, by Rule 32.2(b), because this is a successive petition, and by Rule 32.2(c), because the petition was filed outside of the period of limitations. Bowen v. State, 899 So.2d 310, 312 (Ala.Crim.App. 2004) (Constitutional claims are non-jurisdictional.); Brooks v. State, 845 So.2d 849, 851 (Ala.Crim.App. 2002) (the failure to administer the oath to the venire, as opposed to the failure to administer the oath to both the venire and the petit jury, is not jurisdictional); Slaton v. State, 902 So.2d 102, 108 (Ala.Crim.App. 2003) (Allegations of conflict of interest are nonjurisdictional and waivable.). As a result, denial of these claims was proper.

Mack[s] also argues that his indictment was fatally flawed because, he says, the indictment failed to state that he "knowingly committed the act for which he is criminally indicted," nor did the indictment state that he committed burglary.

Section 13A-6-2, Ala. Code 1975 states, in pertinent part:

"(a) A person commits the crime of murder if:

"(1) With intent to cause the death of another person, he causes the death of that person or of another person . . . ."

Section 13A-4-2, Ala. Code 1975 states, in pertinent part:

"(a) A person is guilty of an attempt to commit a crime if, with intent to commit a specific offense, he does any overt act towards the commission of a crime . . . ."

Section 13A-7-4, Ala. Code 1975 states, in pertinent part:

5

> "(a) A person commits the crime of burglary in the first degree if he knowingly and unlawfully enters or remains unlawfully in a dwelling with intent to commit a crime therein, and, if, in effecting entry or while . . . in immediate flight therefrom, he or another participant in the crime:
>
>> "(1) Is armed with explosiveness (sic) or a deadly weapon; or
>>
>> "(2) Causes physical injury to any person who is not a participant in the crime; or
>>
>> "(3) Uses or threatens the immediate use of a dangerous instrument . . . ."

Macks' indictment states, in pertinent part:

"The Grand Jury of said County charge that before the finding of this indictment

### COUNT ONE

Rondal Howard Macks, whose name to the Grand Jury is otherwise unknown, did, with intent to commit the crime of Murder (Section 13A-6-2 of the Code of Alabama) attempt to commit said offense by assaulting Tracy Knowles Macks with a shotgun, a better description of which to the Grand Jury is otherwise unknown, in violation of Section 13A-4-2 of the Code of Alabama.

### COUNT TWO

Rondal Howard Macks, whose name to the Grand Jury is otherwise unknown, did, with intent to commit the crime of Murder (Section 13A-6-2 of the Code of Alabama) attempt to

6

commit said offense by shooting Huey Knowles Pierce with a shotgun, a better description of which to the Grand Jury is otherwise unknown, in violation of Section 13A-4-2 of the <u>Code of Alabama</u>.

### COUNT THREE

Rondal Howard Macks, whose name to the Grand Jury is otherwise unknown, did knowingly and unlawfully [enter] a dwelling of another, to-wit: Tracy Knowles Macks, with intent to commit a crime therein, to-wit: Murder, and while effecting entry or while in the dwelling or in immediate flight therefrom, the said Rondal Howard Macks was armed with an explosive or deadly weapon, to-wit: a shotgun, in violation of 13A-7-5 of the <u>Code of Alabama</u> . . . ."

An indictment that tracks the language of the statute is sufficient if the statute prescribes with definiteness the elements of the offense. <u>Ex parte Allred</u>, 393 So.2d 1030 (Ala. 1980). Here, the indictment tracked the language of applicable statutes, including all relevant elements. Accordingly, the indictment was not void or otherwise defective. See <u>Herrero v. State</u>, 628 So.2d 1053, 1055 (Ala.Crim.App. 1993) (escape indictment that tracked language of [statute] was sufficient). Thus, the circuit court correctly denied relief based on this claim. See <u>Long v. State</u>, 675 So.2d 532, 533 (Ala.Crim.App. 1996).

Rule 32.7(d), Ala.R.Crim.P., authorizes the trial court to summarily dismiss a petitioner's Rule 32 petition:

> "[i]f the court determines that the petition is not sufficiently specific, or is precluded, or fails to state a claim, or that no material issue of fact or law exists which would entitle the petitioner to relief under this rule and that no purpose would be served by any further proceedings, the court may either dismiss the petition or grant leave to file an amended petition."

7

> See also Hannon v. State, 861 So.2d 426, 427 (Ala.Crim.App. 2003); Cogman v. State, 852 So.2d 191, 193 (Ala.Crim.App. 2002); Tatum v. State, 607 So.2d 383, 384 (Ala.Crim.App. 1992). As discussed above, Macks's claims are either precluded from appellate review or without merit. Thus, summary disposition was appropriate.

(*Id.* (internal footnote omitted)) The petition for rehearing was denied on July 14, 2006 (Doc. 14, at 6) and, on November 9, 2006, the Alabama Supreme Court denied Macks' petition for writ of certiorari (Doc. 14, Exhibit J).

## **CONCLUSIONS OF LAW**

1.      The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted on April 24, 1996 and, pertinent to this case, added a new subdivision to 28 U.S.C. § 2244 providing for a one-year period of limitations within which state prisoners must file their habeas corpus petitions pursuant to 28 U.S.C. § 2254.  *Wilcox v. Florida Dept. of Corrections*, 158 F.3d 1209, 1210 (11th Cir. 1998) *cert. denied sub nom. Wilcox v. Moore*, 531 U.S. 840, 121 S.Ct. 103, 148 L.Ed.2d 62 (2000).

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

2.      Subsections (B), (C), and (D) of § 2244(d)(1) clearly do not apply to petitioner's case and therefore, the timeliness of Macks' petition must be calculated under § 2244(d)(1)(A) based upon the date on which his convictions became final. "For prisoners whose convictions became final prior to the effective date of the AEDPA, the one-year statute of limitations instituted by the AEDPA began to run on its effective date, i.e., April 24, 1996." *Guenther v. Holt*, 173 F.3d 1328, 1331 (11th Cir. 1999) (citations omitted), *cert. denied*, 528 U.S. 1085, 120 S.Ct. 811, 145 L.Ed.2d 683 (2000). This rule from *Guenther* is obviously not applicable in this case since Macks'

convictions became final in 2002.

    3.    Section 2244(d)(1)(A) specifically provides that the one-year limitations period will run from "the date on which the judgment became final by the conclusion of direct review or the expiration of time for seeking such review[.]" On direct appeal, the Alabama Court of Criminal Appeals dismissed Macks' notice of appeal as untimely filed on April 18, 2002. Therefore, Macks' convictions arguably became final on April 18, 2002, *see Barfield v. State*, 703 So.2d 1011, 1012 (Ala.Crim.App. 1997) ("An appeal must be taken in the manner and within the time prescribed by the Alabama Rules of Appellate Procedure, or it is not taken at all. . . . A.R.App.P. 4(b) provides that in a criminal case the notice of appeal must be filed within 42 days of pronouncement of sentence . . . . An appeal shall be dismissed if the notice of appeal was not timely filed to invoke the jurisdiction of the appellate court. This requirement of timely filing of the notice of appeal is a jurisdictional act; [i]t is the only step in the appellate process which is jurisdictional. . . . In the absence of statutory authorization, neither the trial nor appellate courts may extend or shorten the time for appeal . . . even to relieve against mistake, inadvertence, accident, or misfortune.") (internal quotation marks omitted); *Woods v. State*, 609 So.2d 7, 8 (Ala.Crim.App. 1992) ("Because the

appellant's notice of appeal was not filed within 42 days after the denial of his motion for a new trial, as required by A.R.App.P. 4(b), this court has no jurisdiction to entertain the appeal of the appellant's conviction and sentence. . . . The appellant's only remedy is an A.R.Cr.P. 32 petition."); however, even adding to this date the 90-day period for seeking review in the Supreme Court of the United States, *compare Zuluaga v. Secretary for the Department of Corrections*, 208 Fed.Appx. 729, *1, 2, 3 & 4 (11th Cir. 2006) ("Zuluaga appealed his conviction and sentence to a Florida appellate court, which dismissed his appeal, but he did not seek review of the dismissal in either the Supreme Court of Florida or the Supreme Court of the United States. . . . The magistrate judge recommended to the district court that Zuluaga's petition be dismissed as untimely. The magistrate judge reasoned that, even under Zuluaga's timeline, Zuluaga's conviction became final on January 25, 2000, the date on which Zuluaga's direct appeal was dismissed, and the applicable tolling was insufficient to render timely Zuluaga's petition of February 17, 2005. . . . A defendant has 90 days from the judgment of the state court of last resort to file a petition for a writ of certiorari in the Supreme Court of the United States. . . . The magistrate judge and the district court assumed, without deciding, that Zuluaga's conviction became final on the date on which

Zuluaga's direct appeal was dismissed, but they did not consider whether Zuluaga was entitled to the 90-day period for seeking review in the Supreme Court of the United States. . . . We remand this matter to the district court for further proceedings. The district court must decide whether Zuluaga was entitled to the 90-day period for seeking review in the Supreme Court of the United States.") *with Rainey v. Secretary for the Department of Corrections*, 443 F.3d 1323, 1326 n.3 (11th Cir. 2006) ("The district court noted the state appellate court affirmed Appellant's conviction on September 28, 1999. Appellant then had 90 days, or through December 27, 1999, to petition the United States Supreme Court for writ of certiorari. *See* Sup.Ct.R. 13. Thus, for purposes of the one-year statute of limitations under § 2244(d)(1)(A), Appellant's original judgment of conviction became final on December 27, 1999."), Macks' convictions decidedly became final on July 17, 2002 (i.e., 90 days after April 18, 2002) and, therefore, absent tolling, he had one year, or through July 17, 2003, in which to file an application for writ of habeas corpus. *See id.*, citing *Bond v. Moore*, 309 F.3d 770, 774 (11th Cir. 2002). Macks did not file his application for writ of habeas corpus in this Court until December 22, 2006 (Doc. 1), well after his one-year limitations period expired.

    4.    Macks is unable to take advantage of the tolling provision built

into § 2244(d), 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section."); *Guenther, supra*, 173 F.3d at 1331 ("'The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation in [subsection (d)].'"); *cf. Coates v. Byrd*, 211 F.3d 1225, 1227 (11th Cir. 2000) ("We agree with the Tenth and Fifth Circuits that the time during which a petition for writ of certiorari is pending, or could have been filed, following the denial of collateral relief in the state courts, is not to be subtracted from the running of time for 28 U.S.C. § 2244(d)(1) statute of limitations purposes."), *cert. denied*, 531 U.S. 1166, 121 S.Ct. 1129, 148 L.Ed.2d 995 (2001), because the collateral attacks on his convictions and sentences upon which he attempts to rely were not filed until May 7, 2004, September 23, 2004, and November 23, 2005, respectively, that is, after the one-year statute of limitations expired under § 2244(d)(1). *Cf. Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir.) ("Under § 2244(d)(2), even 'properly filed' state-court petitions must be 'pending' in order to toll the limitations

period."), *cert. denied*, 531 U.S. 991, 121 S.Ct. 481, 148 L.Ed.2d 454 (2000).

      5.      Macks filed no response to the answer and, therefore, makes no argument that the statute of limitations contained in 28 U.S.C. § 2244(d)(1) should not bar his petition since equitable tolling principles apply. Nevertheless, this Court considers whether it should excuse the untimeliness of the filing of the petition in accordance with principles of equitable tolling.

      6.      Recent decisions of the Eleventh Circuit have clearly embraced the doctrine of equitable tolling with regard to the one-year limitations period at issue: "Equitable tolling is to be applied when '"extraordinary circumstances" have worked to prevent an otherwise diligent petitioner from timely filing his petition.' . . . Thus, the petitioner must show both extraordinary circumstances and due diligence in order to be entitled to equitable tolling." *Diaz v. Secretary for the Dept. of Corrections*, 362 F.3d 698, 700-701 (11th Cir. 2004) (citation omitted). "Section 2244 is a statute of limitations, not a jurisdictional bar. Therefore, it permits equitable tolling 'when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence.'" *Steed v. Head,* 219 F.3d 1298, 1300 (11th Cir.2000) (citation omitted).  Thus, the one-year limitations provision need not be equitably tolled unless there is evidence that

"extraordinary circumstances" beyond petitioner's control made it impossible for him to file his petition on time. *See Miller v. New Jersey State Dept. of Corrections*, 145 F.3d 616, 618-619 (3rd Cir. 1998) ("[E]quitable tolling is proper only when the 'principles of equity would make [the] rigid application [of a limitation period] unfair.' . . . Generally, this will occur when the petitioner has 'in some extraordinary way . . . been prevented from asserting his or her rights.' . . . The petitioner must show that he or she 'exercised reasonable diligence in investigating and bringing [the] claims.' . . . Mere excusable neglect is not sufficient."); *Calderon v. United States District Court for the Central District of California*, 128 F.3d 1283, 1288 (9th Cir. 1997) ("Equitable tolling will not be available in most cases, as extensions of time will only be granted if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time."), *cert. denied*, 522 U.S. 1099, 118 S.Ct. 899, 139 L.Ed.2d 884 (1998) and *cert. denied sub nom. Beeler v. Calderon*, 523 U.S. 1061, 118 S.Ct. 1389, 140 L.Ed.2d 648 (1998).

      7.    Petitioner has failed to establish either that the instant habeas corpus petition was timely filed or that extraordinary circumstances and due diligence counsel equitable tolling of the limitations period. Obviously, petitioner makes no argument that he was ignorant of the one-year limitations

15

period or that he was unaware of the fact that this entire period had run by the time he began pursuing his collateral attacks on his convictions and sentences. Accordingly, this Court finds that nothing other than petitioner's own lack of due diligence is responsible for the untimeliness of the filing of the instant petition. This is simply not one of those rare cases in which principles of equitable tolling can save petitioner from AEDPA's one-year limitations period.

8.　　Because petitioner did not file his habeas corpus petition until December 26, 2006, more than three years after the one-year limitations period expired, this petition is due to be dismissed as time-barred pursuant to 28 U.S.C. § 2244(d).

## **CONCLUSION**

The Magistrate Judge recommends that the instant petition be dismissed as time-barred pursuant to 28 U.S.C. § 2244(d).

The attached sheet contains important information regarding objections to the report and recommendation of the Magistrate Judge.

**DONE** this the 27th day of June, 2007.

<u>s/WILLIAM E. CASSADY</u>
**UNITED STATES MAGISTRATE JUDGE**

### MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

l.      *Objection*.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the Clerk of this court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a 'Statement of Objection to Magistrate Judge's Recommendation' within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.      *Transcript (applicable Where Proceedings Tape Recorded)*.  Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

                                                s/WILLIAM E. CASSADY
                                                UNITED STATES MAGISTRATE JUDGE